IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN MANUEL QUINTANILLA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-0366 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his 2013 conviction and fifteen-year sentence for aggravated robbery with a deadly weapon.

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(l) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(l)–(2).

Public court records show that petitioner pleaded guilty to aggravated robbery with a deadly weapon in Harris County, Texas, and was sentenced to fifteen years' imprisonment on November 8, 2013. No direct appeal was taken, and petitioner's conviction became final for purposes of AEDPA on December 9, 2013. Limitations expired one year later, on December 9, 2014. Petitioner's application for state habeas relief, filed with the state trial court on July 8, 2015, was denied by the Texas Court of Criminal Appeals on February 24, 2016. Because the application for state habeas relief was filed after expiration of the AEDPA limitation, it provided no tolling benefit. Petitioner filed the instant federal habeas petition no earlier than January 27, 2017, well past the limitations deadline.

Because the petition showed on its face that it was untimely and barred by limitations, the Court ordered petitioner to show cause, by March 8, 2017, why the petition should not be dismissed as barred by limitations. The Court further ordered petitioner to pay the $5.00

filing fee by that same date. Petitioner was warned that his failure to comply timely with the orders would result in dismissal of this lawsuit.

To-date, and despite expiration of a reasonable period of time of at least forty days, petitioner has failed to respond to the show cause order or pay the filing fee. No grounds for holding this petition timely under 28 U.S.C. § 2244(d)(l) appear in the record before this Court, nor has petitioner alleged any basis for equitable tolling.

This habeas lawsuit is DISMISSED WITH PREJUDICE as barred by limitations. This case is FURTHER DISMISSED WITHOUT PREJUDICE for petitioner's failure to pay the filing fee. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas on March 17, 2017.

_____
Gray H. Miller
United States District Judge